UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARIO SADDLER,

        Petitioner,

              v.

HERMAN QUAY, et al.,

        Respondents.

**ORDER**
18-CV-417-A
04-CR-16-A

---

The petitioner, Mario Saddler, seeks habeas corpus relief under 28 U.S.C. § 2255 by seeking to vacate a July 15, 2013 sentence to 32 months imprisonment upon his plea to violating of a condition of his supervised release by possessing a firearm. Petitioner Saddler has also filed a motion seeking summary relief to obtain an immediate resentencing. Dkt. No. 58. For the reasons stated below, the motion for summary relief is denied, and the petitioner is directed to address why the petition should not be converted or dismissed.

The Court assumes the parties' close familiarity with the prior proceedings and addresses them only as much as is necessary to describe its ruling on the issues raised in the motion for summary relief. Crediting all of petitioner Saddler's allegations for present purposes, the petitioner mistakenly believed that the 32-months federal sentence of imprisonment imposed on July 15, 2013, would run concurrent to an anticipated state term of imprisonment. A state court judge had promised petitioner that the anticipated state sentence and the 32-months federal sentences would run concurrent, but the promise has been unfulfilled. It appears

the federal sentence did not start to run when it was imposed, and it only recently started to run, because the petitioner was in primary state custody at the time the federal sentence was imposed. *See* 18 U.S.C. § 3585. To quickly remedy the unfulfilled promise of the state court judge, petitioner asks the Court to vacate his sentence, and to be resentenced to make the same 32-month sentence run retroactively from the date of imposition of the original sentence on July 15, 2013, and to make the federal sentence concurrent with the already served state sentence of imprisonment. That remedy would result in petitioner's release from custody, it appears.

As an initial matter, petitioner Saddler misconstrues the effects of his temporary periods of custody in connection with proceedings in this Court in 2013 pursuant to writs of habeas corpus ad prosequendum. *See Clapper v. Langford*, 186 F. Supp. 3d 235, 239-40 (N.D.N.Y. 2016). Petitioner's claims that the writs somehow brought him into primary federal custody, or would have done so if those writs had been properly executed, Dkt. No. 58, pp. 5-6, ¶¶ 14-17, are incorrect and provide no ground for the relief he seeks. *Id.*

More importantly, it seems clear that the Court lacks the authority to grant petitioner Saddler the summary relief that he seeks. *See Dutton v. U.S. Attorney Gen.*, 713 F.Supp.2d 194 (W.D.N.Y. 2010). The reasoning in *Dutton* need not be repeated here because the circumstances in the *Dutton* case are very similar to those presented here and the reasoning plainly disposes of the issues petitioner attempts to raise in support of his motion for summary relief.

Although the record does not reflect it, it appears that petitioner Saddler has already received partial retroactive credit from the Bureau of Prisons for time he served in state custody. According to the Bureau of Prison web site, petitioner has a prospective release date of June 19, 2019 (U.S. Bureau of Prison Home Page, follow Inmate Locator link for Mario Saddler, http://www.bop.gov (last visited December 18, 2018)). Because the petitioner only very recently went into BOP custody it therefore appears that part of the 32 month sentence imposed by this Court on July 15, 2013 has been deemed to have run while the petitioner was in state custody.

Based on the analyses set forth in the *Dutton*, petitioner is directed to address, on or before January 18, 2019, whether his § 2255 petition can and should lawfully be converted to a § 2241 petition; whether his claims are ripe; whether he has adequately exhausted his administrative remedies to obtain a retroactive designation of the place of service of his federal sentence from the Bureau of Prisons under 18 U.S.C. § 3621(b); whether venue lies in this District, should he seek to convert his § 2255 petition into one under § 2241; whether he has named proper respondents; or, whether the Court should dismiss the petition on some ground without prejudice to permit the petitioner to pursue a different remedy.

**SO ORDERED.**

    *S/Richard J. Arcara*
    HONORABLE RICHARD J. ARCARA
    UNITED STATES DISTRICT COURT

Dated: December 18 , 2018